# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604



February 5, 2019

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 17-3526<br><br>CHARLES GREENHILL and AMPHIB, INC.,<br>   *Plaintiffs-Appellees*,<br><br>*v.*<br><br>RICHARD M. VARTANIAN and PLATINUM FIGHTER SALES, INC.,<br>   *Defendants-Appellants*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 15-cv-09585<br>John Robert Blakey, *Judge*. |

## Order

The district court's opinion indicates that plaintiffs are entitled to a declaratory judgment, but the court did not issue one. Instead it entered this decision on the form used for judgments under Fed. R. Civ. P. 58:

> Judgment is entered in favor of Plaintiff and against Defendant on Plaintiffs' complaint for declaratory relief [1], and on Defendants' counterclaims for conversion and declaratory relief [14].

A document providing that "[j]udgment is entered" does not satisfy Rule 58. A judgment must provide the relief to which the prevailing party is entitled. See, e.g., *Hyland v. Liberty Mutual Fire Insurance Co.*, 885 F.3d 482 (7th Cir. 2018); *Cooke v. Jackson National Life Insurance Co.*, 882 F.3d 630 (7th Cir. 2018); *Reytblatt v. Denton*, 812 F.2d 1042 (7th Cir. 1987); *Azeez v. Fairman*, 795 F.2d 1296 (7th Cir. 1986). This document does not do that. It shows that the district court is done with the case, which permits an appeal, but it does not resolve the parties' dispute. The judgment also does not show that it was reviewed and approved by the judge, although Rule 58(b)(2) provides that the judge, not a clerk, must approve decisions of this kind. We accordingly remand to the district court for the entry of a proper judgment.

The district judge needs to resolve two subjects on which the parties' appellate briefs disagree. First, who receives the relief? The judgment refers to "Plaintiff", but there are two plaintiffs. The corporate plaintiff is the registered owner of the airplane, but some of the district court's opinion suggests that relief is being awarded to the individual plaintiff. The district judge needs to specify who receives what relief. Second, although plaintiffs' initial complaint sought a declaratory judgment that they (or one of them) own the airplane against the world (a standard outcome of a quiet-title action), later the plaintiffs recognized that this suit concerns personal property rather than real estate, and plaintiffs changed their request to be one for a declaration that they have title superior to that of defendants. The judgment's reference to the complaint (docket entry 1) suggests that plaintiffs are receiving an award against the world, even though by the time of decision they no longer requested that relief. The district judge's opinion does not distinguish these possibilities, and as we have stressed the judgment is silent.

This appeal cannot be resolved until the district court enters a proper judgment resolving these matters (and any others essential to the proper framing of declaratory relief). Once the district judge has done so, the case will return to this panel without the need for a new notice of appeal. Within seven days of the district court's judgment, the parties should file supplemental memoranda explaining how, if at all, the judgment affects their appellate contentions.